UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re: NOAH SAPIR,                                          No. 23-10443-j7

Debtor.

_____

YVETTE J. GONZALES, Chapter 7 Trustee,

Plaintiff,

v.                                                         Adversary No. 25-1003-j

JENNIFER BECHEM, BRENDAN BURKE,
LIAM BUSH, RIGDZIN COLLINS, JENNY CRUZ,
PENELOPE CRUZ, RENEE CRUZ, VANESSA CRUZ,
ALEXIS DAVID, QUERLIM FRANCO, MIEKO GAVIA,
STEPHANIE HENRIQUEZ, KERRI KENDER, KAMILA
NAREWSKA, LILLY NUNEZ, JOSE PEREZ, ANGEL
PIMENTEL, STEPHANIE PON, ALEXANDER RUBIN,
ANTHONY THAMBYNAYAAM, and VINCENTE TORIBIO,

Defendants.

## **<u>MEMORANDUM OPINION</u>**

THIS MATTER is before the Court on Creditor Vi[n]cente Toribio's Motion to Vacate

Default Judgment ("Motion" – Doc. 32). The Court held a final evidentiary hearing on March 30,

2026, and a continued final evidentiary hearing on April 13, 2026, and took the matter under

advisement. Because there is insufficient cause to set aside the Order Granting Default Judgment

Against Vincente Toribio ("Default Judgment" – Do. 22), the Court will deny the Motion.

Plaintiff met her burden of showing that the Amended Complaint and Alias Summons were

served on Mr. Toribio by mail in accordance with Fed. R. Bankr. P. 7004(b)(1) and satisfied

Constitutional due process requirements. Defendant failed to satisfy his burden to set aside the

default judgment required by Fed. R. Civ. P. 55 and Fed. R. Civ. P. 60(b), made applicable to this adversary proceedings by Fed. R. Bankr. P. 7055 and Fed. R. Bankr. P. 9024.

PROCEDURAL HISTORY AND FINDINGS OF FACT[1]

On June 6, 2023, Noah Sapir filed a chapter 11 case, assigned No. 23-10443-j11 (the "Bankruptcy Case"). On January 18, 2025, Plaintiff Noah Sapir (referred to herein as "Plaintiff Sapir"), then debtor in possession in the chapter 11 case, through his counsel of record, initiated this Adversary Proceeding by filing a Complaint to Avoid Judicial Lien Pursuant to 11 U.S.C. §§ 544 and 547. (Doc. 1).

On January 28, 2025, Plaintiff Sapir filed a First Amended Complaint to Avoid Judicial Lien Pursuant to 11 U.S.C. §§ 544 and 547 (the "Amended Complaint"). (Doc. 4). The Court issued an alias summons ("Summons" – Doc. 4) on February 4, 2025. Plaintiff Sapir served the Summons and a copy of the Amended Complaint by first class mail on all Defendants,[2] including Mr. Toribio, on February 7, 2025. *See* Certificate of Service (Doc. 6). The Summons and Amended Complaint were mailed to Mr. Toribio at the following address: 2311 Andrews Valley Dr., Kissimmee, FL 34758 (the "Kissimmee Address"). *Id.* Plaintiff Sapir also mailed a copy of the Summons and Amended Complaint to counsel for the Bechem Creditors on February 7,

---

[1] With the parties' consent, the Court takes judicial notice of the docket and documents filed of record in this Adversary Proceeding and the docket and documents filed of record the related Bankruptcy Case. In addition, Mr. Toribio's Proof of Claim No. 26-1 filed in the Bankruptcy Case and the docket of this Adversary Proceeding were admitted into evidence as Mr. Toribio's Exhibits A and B, without objection. The Chapter 7 Trustee's Exhibits 1 – 4 were also admitted into evidence without objection:
    Exhibit 1 = February 18, 2025 – Certificate of Service (Doc. 6);
    Exhibit 2 = March 20, 2025 – BNC Certificate of Notice (Doc. 9);
    Exhibit 3 = April 13, 2025 – BNC Substitution Order Notice (Doc. 12); and
    Exhibit 4 = July 4, 2025 – BNC Certificate of Notice (Doc. 23).
[2] All named Defendants other than Mr. Toribio are referred to as the "Bechem Creditors." The Bechem Creditors are: Jennifer Bechem, Brendan Burke, Liam Bush, Rigdzin Collins, Jenny Cruz, Penelope Cruz, Renee Cruz, Vanessa Cruz, Alexis David, Querlim Franco, Mieko Gavia, Stephanie Henriquez, Kerri Kender, Kamila Narewska, Lilly Nunez, Jose Perez, Angel Pimentel, Stephanie Pon, Alexander Rubin, and Anthony Thabynayagam.

2025, but did not mail a copy of the Summons and Amended Complaint to counsel for Mr. Toribio. *Id.*

The Court filed a Notice of Rescheduled Scheduling Conference ("Notice") on March 18, 2025, setting a scheduling conference on April 11, 2025. (Doc. 8). The Notice was submitted to the Bankruptcy Noticing Center ("BNC") for mailing to Mr. Toribio. *See* Notice Recipients filed March 18, 2005, Doc.8-1.[3] The Notice Recipients identifies Mr. Toribio twice, once with the Kissimmee Address, and a second time without an address. *Id.* As a result, the Notice was mailed to Mr. Toribio through the BNC twice, once without an address and a second time to the Kissimmee Address. *See* Certificate of Notice, filed March 20, 2025 - Doc. 9. Consistent with the Notice Recipients, the Certificate of Notice filed by the BNC lists Mr. Toribio twice, once with the Kissimmee Address and a second time as a "Bypassed Recipient" without an address.[4] *Id.* On March 24, 2025, the Bankruptcy Court Clerk's Office made a text-only entry in the docket indicating that mail addressed to Vincente Toribio sending the Notice (Doc. 8) was returned. More specifically, the Notice sent to Mr. Toribio without an address was returned.

On March 21, 2025, Plaintiff Sapir's chapter 11 case converted to a case under chapter 7 and Yvette J. Gonzales, Chapter 7 Trustee ("Trustee"), was appointed chapter 7 trustee in the converted chapter 7 case. *See* Bankruptcy Case – Doc. 313. On April 11, 2025, the Trustee was substituted as Plaintiff in this Adversary Proceeding. *See* Order (i) Substituting the Chapter 7

---

[3] The parties consented to the Court investigating the meaning of mailings sent through the Bankruptcy Noticing Center. The Court inquired about the meaning of "Bypassed Recipients" from a Court employee in its information technology department who regularly works with CM/ECF. She explained that the address for a named defendant is not added to the Court's electronic filing system until the defendant participates in the adversary proceeding. Notices sent through the BNC to a defendant without an address are undeliverable. A defendant's address can be typed in CM/ECF manually so that a notice sent through the Court's CM/ECF system will be sent to the manually added address via the BNC.
[4] The "Bypassed Recipients" section of the Certificate of Notice issued by the BNC identifies Vincente Toribio as "dft" with no address.

Trustee as Plaintiff (ii) Extending the Time for the Bechem Creditors to Answer the Amended Complaint, and (iii) Setting Status Conference ("Substitution and Scheduling Order" – Doc. 10).

On request of the Bechem Creditors at the scheduling conference held April 11, 2025, the Court extended the deadline for the Bechem Creditors to file an answer to the Amended Complaint. *See* Substitution and Scheduling Order. Mr. Toribio did not attend the status conference held April 11, 2025. *Id.* Notice of the Substitution and Scheduling Order was mailed through the BNC to Mr. Toribio at the Kissimmee Address. *See* Doc. 10-1 and Doc. 12.[5]

On May 19, 2025, the Trustee filed Chapter 7 Trustee's Motion for Entry of Default Judgment ("Motion for Default Judgment" – Doc. 14) seeking to default Vincente Toribio for failing to file an answer to the Amended Complaint. The Trustee obtained an order shorting the deadline to object to the Motion for Default Judgment. *See* Order Shortening Time to File Objections to Chapter 7 Trustee's Motion for Entry of Default and Default Judgment ("Order Shortening Time" – Doc. 15). The Court entered the Order Shortening Time a second time (Doc. 16), indicating that the Order Shortening Time was docketed a second time as a duplicate of Doc. 15 "to ensure  notice was sent to all parties." *See* Docket entry accompanying Doc. 16. However, the Notice Recipients (Doc. 16-1) attached to Doc. 16 indicates that the document was submitted to the BNC for mailing to Mr. Toribio without an address. The Certificate of Notice (Doc. 18) also identifies Vincente Toribio under the heading "Bypassed Recipients" with no address.

On May 20, 2025, the Trustee filed a Certificate of Service stating that she served a copy of the Motion for Default Judgment and the Order Shortening Time by first class mail on Mr.

---

[5] The Notice Recipients (Doc. 10-1) lists Vicente Toribio under the heading "Recipients submitted to the BNC (Bankruptcy Noticing Center)" with the Kissimmee Address. The Notice Recipients (Doc. 10-1) also lists Vicente Toribio under the heading "Recipients submitted to the BNC (Bankruptcy Noticing Center) without an address." The Certificate of Notice (Doc. 12-1) lists Vicente Toribio with the Kissimmee Address as a notice recipient and as a "Bypassed Recipient[ ]" with no address.

Toribio at the following address:  2311 Andrews Valley Dr., Renton, WA 98059 (the "Renton Address"). (Doc. 17). The Renton address is the wrong address for Mr. Toribio. The Trustee recognized the error and re-served the Motion for Default Judgment and the Order Shortening Time by first-class mail on Mr. Toribio on May 22, 2025, at the Kissimmee Address. *See* Amended Certificate of Service (Doc. 19). Neither the Trustee nor her counsel received any returned mail from Mr. Toribio addressed to the Kissimmee Address. The Trustee and her counsel paid attention both in the Bankruptcy Case and in this Adversary Proceeding to make sure Mr. Toribio was getting mail and continued to use the Kissimmee Address to send mailings to Mr. Toribio in this Adversary Proceeding because that is the address the Trustee and her counsel understood to be Mr. Toribio's address.

On May 27, 2025, the Clerk's Office made a text-only entry in the docket stating that the Order Shortening Time (Doc. 15) addressed to Vincente Toribio was returned. The docket entry also states:  "[u]nable to find contact information for Mr. Toribio." A Notice of Undeliverable Mail sent by email to the Bankruptcy Court Clerk's Office from the BNC dated May 21, 2025 ("BNC email"), indicates that mail sent to Vincente Toribio was undeliverable because of "INCOMPLETE ADDRESS." The document attached to the BNC email is the Order Shortening Time.

On September 28, 2023, Borelli & Associates, P.L.L.C. (the "Borelli Firm") filed a proof of claim in the Plaintiff Sapir's chapter 11 case identifying the creditor filing the claim as "Borelli & Associates PLLC (the "Borelli Firm Proof of Claim"). *See* Bankruptcy Case – Claim No. 25-1. The supporting documentation attached to the Borelli Firm Proof of Claim is a copy of the Judgment entered in favor of the Bechem Creditors and Mr. Toribio on March 15, 2023, in the Supreme Court of the State of New York, County of New York (the "State Court Judgment").

In addition to awarding judgment in favor of each of the Bechem Creditors, the State Court Judgment awarded judgment against Noah Sapir and in favor of "Vicente Toribio, located at 2311 Andrews Valley, Dr. Kissimmee, Florida, 34758," which is the Kissimmee Address. State Court Judgment, p. 10.

Mr. Toribio filed a Proof of Claim in Plaintiff Sapir's converted chapter 7 case on May 30, 2026. *See* Bankruptcy Case – Claim No. 26-1. Mr. Toribio's Proof of Claim No. 26-1 requests that notices to him be sent to the Borelli Firm, 910 Franklin Avenue, Suite 205, Garden City, NY 11530 (the "Notice Address"). The supporting documentation attached to Mr. Toribio's Proof of Claim No. 26-1 is a copy of the same State Court Judgment that is attached to the Borelli Firm Proof of Claim.

In this Adversary Proceeding, the Clerk's Office issued the Clerk's Entry of Default against Defendant Vincente Toribio on June 11, 2025. (Doc. 21). The Court entered the Default Judgment (Doc. 22) against Vincente Toribio on July 2, 2025. The Notice Recipients accompanying the Default Judgment reflects that a copy was submitted to the BNC for mailing to Vincente Toribio at the Kissimmee Address. *See* Doc. 22-1. The Certificate of Notice (Doc. 23) issued by the BNC for the Default Judgment also reflects that notice of the Default Judgment was sent to Defendant Vincente by first class mail to the Kissimmee Address. Under "Bypassed Recipients" the Certificate of Notice of the Default Judgment states "NONE." *Id.*

The two mailings (Doc. 8 and Doc. 16) sent by the Court to Mr. Toribio through the BNC that were returned as "undeliverable" were sent to Mr. Toribio without any address. All mailings sent by the Court through the BNC to Mr. Toribio to the Kissimmee Address were not returned.

Mr. Toribio's counsel, Sharan Abraham, entered her appearance in this Adversary Proceeding on December 16, 2025 (Doc. 30), and filed the Motion to Vacate Default Judgment

on behalf of Mr. Toribio on December 18, 2025. (Doc. 32). Trustee filed her response to the Motion to Vacate Default Judgment on February 2, 2026. (Doc. 36).

The Court commenced the final, evidentiary hearing on the Motion to Vacate Default Judgment on March 30, 2026. Ms. Abraham appeared at the hearing on behalf of Mr. Toribio, but Mr. Toribio did not appear. The Court continued the final hearing to afford Mr. Toribio an opportunity to testify in support of the Motion to Vacate Default Judgment before the Court made a ruling, provided that the Trustee had an opportunity to depose Mr. Toribio in advance of the continued hearing. *See* Order Resulting from Hearing held March 30, 2026 ("Order" - Doc. 42). The Order directed Mr. Toribio to appear for a video deposition to be taken by the Trustee on April 8, 2026. *Id.* The Order provided further that if Mr. Toribio required an interpreter, he must provide one at his own expense. *Id.* Mr. Toribio did not appear for the deposition. *See* Notice of Vi[n]cente Toribio's Failure to Participate in the Court Ordered Deposition (Doc. 45). The Court resumed the final evidentiary hearing on the Motion to Vacate Default Judgment on April 13, 2026, at which the Trustee testified. Mr. Toribio did not appear.

DISCUSSION

Mr. Toribio requests the Court to set aside the Default Judgment pursuant to Fed. R. Civ. P. 55(c) and Fed. R. Civ. P. 60, made applicable to adversary proceedings by Fed. R. Bankr. P. 7055 and Fed. R. Bankr. P. 9024. Rule 55(c) provides:

> The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b).

Fed. R. Civ. P. 55(c).

Mr. Toribio seeks relief under Fed. R. Civ. P. 60(b)(4) and (6). Under Fed. R. Civ. P. 60(b)(4), a party may obtain relief from a judgment if "the judgment is void." A judgment is void if the Court did not have personal jurisdiction over the defendant against whom judgment was

entered. *In re Wallace*, 316 B.R. 743, 746 (10th Cir. BAP 2004); *see also Howard v. Jenny's Country Kitchen, Inc.*, 223 F.R.D. 559, 563 (D. Kan. 2004) ("A default judgment obtained in the absence of personal jurisdiction over the defendant is void." (citing *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986))). In other words, if service of a complaint did not satisfy the requirements of the rule under which service was effectuated, or failed to satisfy constitutional due process requirements,[6] the Court lacks personal jurisdiction over the defendant, and any judgment later entered against that defendant is void and must be set aside. *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011) ("[A] default judgment in a civil case is void if there is no personal jurisdiction over the defendant." (quoting *Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.2d 794, 797 (10th Cir. 2008))); *Moglia v. Lowitz & Sons (In re Outboard Marine Corp.)*, 359 B.R. 893, 898 (Bankr. N.D. Ill. 2007) ("Improper service of process destroys a court's personal jurisdiction, making any judgment entered against the improperly served party void." (citing *Trustees of Local Union No. 727 Pension Fund v. Perfect Parking, Inc.*, 126 F.R.D. 48, 51 (N.D. Ill. 1989))). If the Court determines that a judgment is void, the Court has no discretion, but must set aside the judgment. *See Hukill v. Okla. Native Am.*, 542 F.3d at 797 ("Where Rule 60(b)(4) is properly invoked, 'relief is not a discretionary matter; it is mandatory.'" (quoting *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994))); *Mountain Nat'l Bank v. Brackett (In re Brackett)*, 243 B.R. 910, 914 (Bankr. N.D. Ga. 2000) ("[I]f the Court determines that the default judgment . . . is void, relief under Rule 60(b)(4) is mandatory.").

---

[6] "Service of process must satisfy both the statute under which service is effectuated and constitutional due process." *Green Tree Fin. Servicing Corp. v. Karbel (In re Karbel)*, 220 B.R. 108, 112 (10th Cir. BAP 1998) (citing *Akermann v. Levine*, 788 F.2d 830, 838 (2d Cir. 1986)).

Under Fed. R. Civ. P. 60(b)(6), a party may obtain relief from a final judgment "for any other reason that justifies relief." However, a request under Fed. R. Civ. P. 60(b)(6) may not be premised on any of the grounds for relief enumerated in subsections (b)(1) through (b)(5) of Fed. R. Civ. P. 60(b), so that "[a] Rule 60(b)(6) motion may not be used as a vehicle to re-allege 60(b)(4) allegations." *Spitznas v. Boone*, 464 F.3d 1213, 1225 n.11 (10th Cir. 2006) (citing *State Bank of S. Utah v. Gledhill (In re Gledhill)*, 76 F.3d 1070, 1080 (10th Cir. 1996)). Because Mr. Toribio's argument rests completely on his allegation of lack of notice, he cannot also rely on Fed. R. Civ. P. 60(b)(6) in seeking to set aside the Default Judgment.

A motion seeking relief from a judgment under Fed. R. Civ. P. 60(b)(4) must be made "within a reasonable time." *See* Fed. R. Civ. P. 60(c) ("A motion under Rule 60(b) must be made within a reasonable time . . . ."). Defendant filed the Motion to Set Aside Default Judgment within six months of the date of entry of the Default Judgment. This is a reasonable time.

> *Whether Plaintiff or the Trustee were required to send the Amended Complaint or the Motion for Default Judgment to Mr. Toribio's counsel and/or to the Notice Address identified in Mr. Toribio's Proof of Claim*

Mr. Toribio complains that Plaintiff Sapir served a copy of the Amended Complaint on the Bechem Creditor's counsel but chose not to serve the Amended Complaint on Mr. Toribio's counsel. Mr. Toribio also questions why neither Mr. Sapir nor the Trustee served any documents on Mr. Toribio at the Notice Address identified in Mr. Toribio's proof of claim. Neither of these arguments have merit.

First, the applicable rules do not require service of the Summons and Amended Complaint on Mr. Toribio's counsel. Plaintiff served the Amended Complaint pursuant to Fed. R. Bankr. P. 7004(b), which requires service "by first-class mail, postage prepaid" on an individual "by mailing the copy [of the complaint and summons] to the individual's dwelling or usual place

-9-

of abode." Fed. R. Bankr. P. 7004(b)(1). Nothing in Fed. R. Bankr. P. 7004(b) requires service on a non-debtor defendant's counsel.[7] A plaintiff cannot presume that counsel who represents a defendant in another matter, even a related matter, will also represent the defendant in new litigation initiated against the defendant. Unless defendant's counsel is the defendant's agent "authorized by appointment or by law to accept service," service of a complaint only to defendant's counsel would not satisfy the service requirements of Fed. R. Bankr. P. 7004. *See* Fed. R. Bankr. P.  7004(b)(8) (authorizing service on "any defendant-for whom it also suffices to mail the summons and complaint to the defendant's agent under these conditions: (A) the agent is authorized by appointment or by law to accept service; (B) the mail is addressed to the agent's dwelling or usual place of abode or where the agent regularly conducts a business or profession; and (C) if the agent's authorization so requires, a copy is also mailed to the defendant as provided in this subdivision (b).").

Second, "service" and "notice" in the bankruptcy context are not the same. *See Educ. Credit Mgmt. Corp. v. Mersmann (In re Mersmann)*, 505 F.3d 1033, 1043 (10th Cir. 2007) (observing that the service of process requirements to initiate an adversary proceeding require compliance with the more exacting requirements of Fed. R. Bankr. P. 7004 than the notice requirements of Fed. R. Bankr. P. 2002), *abrogated on other grounds by United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010). Service of a complaint requires compliance with Fed. R. Bankr. P. 7004. Had Plaintiff served the Amended Complaint on Mr. Toribio at the Notice Address, Plaintiff would have failed to effectuate service on Mr. Toribio in accordance with Fed. R. Bankr. P. 7004(b), which requires service on an individual defendant at "the individual's dwelling or usual place of abode." Finally, as a practical matter, Plaintiff could not have known

---

[7] Bankruptcy Rule 7004(g) requires service on debtor's attorney in addition to the debtor "[i]f, when served, a debtor is represented by an attorney." Mr. Toribio is a creditor, not the debtor.

that Mr. Toribio wished to receive notices at the Notice Address, because, as of the time of filing

of the Amended Complaint, Mr. Toribio had not yet filed his Proof of Claim No. 26-1. The

Borelli Firm Proof of Claim, filed in 2023, identifies the Borelli Firm as the "current creditor"

and does not identify Mr. Toribio anywhere on the face of the claim. Nor had either the Borelli

Firm or Ms. Abraham entered an appearance in the Bankruptcy Case on behalf of Mr. Toribio as

of the time Plaintiff Sapir served the Summons and Amended Complaint on Mr. Toribio.[8]

The burdens of proof [9] and the presumption of receipt

In general, "[t]he party moving to vacate a default judgment under Rule 60(b)(4) has the

burden of proof." *Moglia v. King Marine, Inc. (In re Outboard Marine Corp.)*, 369 B.R. 353, 358

(Bankr. N.D. Ill. 2007) (citing *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 401 (7th Cir.

1986)); *Gambill v. Consumer Recovery Assocs. (In re Gambill)*, 477 B.R. 753, 760 (Bankr. E.D.

Ark. 2012) ("The defaulting party [seeking to set aside a default judgment under Rule 60(b)] has

the burden of proof." (citing *Emmons v. Emmons (In re Emmons)*, 349 B.R. 780, 787 (Bankr.

W.D. Mo. 2006))). However, because "[s]ervice of process must satisfy both the statute under

which service is effectuated and constitutional due process," *Karbel*, 220 B.R. at 112, "[t]he

plaintiff[ ] bear[s] the burden of demonstrating that the court has personal jurisdiction over the

parties, including valid service of process." *Habyarimana v. Kagame*, 821 F.Supp.2d 1244, 1251

---

[8] Plaintiff Sapir served the Summons and Amended Complaint by mail on February 7, 2025. (Doc. 6). Ms. Abraham filed her Application for Admission *Pro Hac Vice* requesting permission to appear in the Bankruptcy Case on behalf of Vincente Toribio on February 12, 2025. *See* Bankruptcy Case – Doc. 246. Ms. Abraham entered her appearance for Mr. Toribio in the adversary proceeding on December 18, 2025. (Doc. 30).

[9] The Tenth Circuit has declined to decide which party bears the burden of proof to establish whether the Court has personal jurisdiction over a defendant who seeks to set aside a default judgment under Fed. R. Civ. P. 60(b)(4) on the basis that the default judgment is void for lack of personal jurisdiction. *Drexler v. Kozloff*, 210 F.3d 389, n.1 (10th Cir. 2000) (unpublished table decision) (citing Theresa L. Kruk, Annotation, *Who has the Burden of Proof in Proceeding Under Rule 60(b) of Federal Rules of Civil Procedure to Have Default Judgment Set Aside on Ground that it is Void for Lack of Jurisdiction*, 102 A.L.R. Fed. 811 (1991 & Supp. 1999))).

(W.D. Okla. 2011) (citing *Claus v. Mize*, 317 F.3d 725, 727 (7th Cir. 2003) (remaining citations omitted)), *aff'd* 696 F.3d 1029 (10th Cir. 2012).

A summons and complaint properly addressed and mailed to a defendant is presumed to have been received. *See Witt v. Roadway Express*, 136 F.3d 1424, 1429-30 (10th Cir. 1998) ("A rebuttable presumption of receipt does arise on evidence that a properly addressed piece of mail is placed in the care of the postal service."); *Nikwei v. Ross Sch. of Aviation, Inc.*, 822 F.2d 939, 941 (10th Cir. 1987) ("A proper mailing of the summons and complaint raises a rebuttable presumption of due delivery to the addressee." (citation omitted)); *Morris v. Peralta (In re Peralta)*, 317 B.R. 381, 386 (9th Cir. BAP 2004) ("The mailing of a properly addressed and stamped item creates a rebuttable presumption that the addressee received it." (citing *Moody v. Bucknum (In re Bucknum)*, 951 F.2d 204, 207 (9th Cir. 1991))). And, pursuant to Fed. R. Bankr. P. 9006(e), "[s]ervice by mail of process . . . is complete upon mailing." Thus, "courts have held that Rule 9006(e) creates a rebuttable presumption that the paper mailed was received by the party to whom it was sent." *In re Boyd*, 618 B.R. 133, 163 (Bankr. D.S.C. 2020). Further, Fed. R. Bankr. P. 7004(b) "does not require proof of actual receipt." *In re Vincze*, 230 F.3d 297, 299 (7th Cir. 2000); *see also Flores v. Safadi (In re Safadi)*, 431 B.R. 478, 481 (Bankr. D. Ariz. 2010) ("There is no requirement that the summons and complaint actually be received.").

Some courts have found that counsel's affidavit of service stating that counsel served a defendant with the summons and complaint by regular mail to the defendant's residence constitutes prima facie evidence of proper service. *See, e.g., Brackett,* 243 B.R. at 914 (concluding that "Plaintiff's counsel's affidavit of service constitutes prima facie evidence of proper service" (citing *Howard Johnson Int'l, Inc. v. Wang*, 7 F. Supp.2d 336, 339 (S.D.N.Y. 1998))), *aff'd,* 181 F.3d 82 (2d Cir 1998). But a certificate of service simply serves as proof that

-12-

a plaintiff mailed a document to the defendant on a particular date to a particular address. It does not also establish whether the defendant was served at his or her "dwelling house or usual place of abode" as required by Fed. R. Bankr. P. 7004(b)(1). *See Namba v. Jafroodi (In re Jafroodi)*, 651 B.R. 13, 22 (Bankr. C.D. Cal. 2023) ("[A] certificate of service may create the presumption that papers were actually mailed as described in the certificate. But any presumption that the papers were actually received by the addressee requires that the mail have been 'properly addressed, stamped and deposited in the mails . . . .'" (quoting *Bucknum*, 951 F.2d at 207)).[10]

"When effecting service of process pursuant to Rule 7004(b)(1), a plaintiff must make a reasonable inquiry to determine the defendant's dwelling or usual place of abode." 10 Collier on Bankruptcy, ¶ 7004.04 (Richard Levin & Henry J. Somer eds., 16th ed.). "For service to be sufficient, '[t]here must be a reasonable nexus between the defendant and the place where service is effected.'" *Dahar v. Foistner (In re Foistner)*, No. AP 19-01033-BAH, 2023 WL 6051406, at *8 (Bankr. D.N.H. Sept. 15, 2023) (quoting *Tropin v. Weitzman (In re Premium Sales Corp.)*, 182 B.R. 349, 351 (Bankr. S.D. Fla. 1995)). Because the plaintiff bears the burden of proving the validity of the method of service and establishing personal jurisdiction over a defendant, *Turkal v. Altamira Condominium Ass'n (In re Turkal)*, 507 B.R. 342, 344 (Bankr. D. Kan. 2014), the plaintiff must first demonstrate that service of the summons and complaint on defendant by mail complied with Fed. R. Bankr. P. 7004(b) and satisfied constitutional due process requirements before the presumption of receipt arises.[11] In other words, "[f]or a default judgment to withstand

---

[10] *Cf. Garcia v. Cantu*, 363 B.R. 503, 510-11 (Bankr. W.D. Tex. 2006) (stating that "an affidavit of service is *prima facie* evidence of proper service" but then examining the remaining issue of whether the addresses qualified as the party's "dwelling house or usual place of abode").

[11] *See Peralta*, 317 B.R. at 386 (explaining that the plaintiff bears the "ultimate burden to establish the existence of personal jurisdiction" (citing Fed. R. Evid. 301)); *Bavelis v. Doukas (In re Bavelis)*, 453 B.R. 832, 861 (Bankr. S.D. Ohio 2011) ("[P]laintiff 'bears the burden of perfecting service of process and showing that proper service was made.'" (quoting *Sawyer v. Lexington-Fayette Urban Cnty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001))).

-13-

an attack based on a claim of invalid service the record must affirmatively show strict compliance with the provided manner and mode of service of process." *Miller v. Stone (In re Waterford Funding, LLC*, No. AP 11-2093, 2016 WL 3648533, at *3 (Bankr. D. Utah June 30, 2016) (quoting *Texas Western Fin. Corp. v. Edwards*, 797 F.2d 902, 905 (10th Cir. 1986)). Thus, once the plaintiff has demonstrated that service of the summons and complaint on defendant by mail complied with Fed. R. Bankr. P. 7004(b) and satisfied constitutional due process requirements such that the Court has personal jurisdiction over the defendant it falls upon the defaulting defendant to rebut the presumption of receipt to contest service and establish that the judgment is void.[12]

The party seeking to rebut the presumption that properly addressed mail served in accordance with Fed. R. Bankr. P. 7004(b) was received "must do more than merely assert that [he or she] did not receive the mailing." *Ms. Interpret v. Rawe Druck-Und-Veredlungs-GMBH (In re Ms. Interpret)*, 222 B.R. 409, 413 (Bankr. S.D.N.Y. 1998); *see also In re Loomas*, 501 B.R. 461, 2013 WL 5615943, at *4 n.38 (10th Cir. BAP Oct. 15, 2013) (unpublished) ("[M]ere denial of receipt alone does not rebut the presumption that the mailed item was received." (citing *Bosiger v. U.S. Airways*, 510 F.3d 442, 452 (4th Cir. 2007)). "This presumption may only be overcome by evidence that the mailing was not actually accomplished and the mere denial of receipt is insufficient." *Foxwood Hills*, 628 B.R. at 896 (quoting *Warren v. Dill (In re Warren)*, 532 B.R. 655, 662 (Bankr. D.S.C. 2015)). Evidence that the mail sent to the defendant was returned as undeliverable may rebut the presumption of receipt. *Boyd*, 618 B.R. at 163 (citing

---

[12] *See Foxwood Hills Prop. Owners Ass'n v. 783-C, LLC (In re Foxwood Hills Prop. Owners Ass'n)*, 628 B.R. 891, 896 (Bankr. D.S.C. 2021) ("To invoke the presumption [of receipt], a party must prove that the letter was properly addressed, stamped, and mailed . . . . " (quoting *Boyd*, 618 B.R. at 163)); *Jones-Theophilious v. Avery (In re Jones)*, AP No. 13-1502, 2015 WL 1544524, at *7 (9th Cir. BAP Apr. 7, 2015) ("A presumption of receipt is established by showing of proper mailing.").

*Warren*, 532 B.ar. at 662); *Foxwood Hills*, 628 B.R. at 896 (same). Even so, "objections to service must be specific and must point out in what manner the plaintiff has failed to satisfy the service provision utilized." *Brackett,* 243 B.R. at 915 (quoting *People of the State of New York  v. Operation Rescue Nat'l*, 69 F.Supp.2d 408, 416 (W.D.N.Y. 1999)); *Foistner*, 2023 WL 6051406, at * 7 (same). A "mere denial of service, unsupported by affidavit or other evidence, falls short of what is required to overcome . . . prima facie evidence that service of process was accomplished." *Brackett* , 243 B.R. at 914 (citing *Operation Rescue*, 69 F.Supp.2d at 416). "[M]ore objective evidence is necessary, such as testimony from the sender that the notice was not sent, or proof that none of the intended recipients received notice, or proof that the mail was returned unclaimed." *In re Richard D. Van Lunen Charitable Tr.*, 598 F. Supp. 3d 1114, 1115 (D. Colo. 2022) (citing *In re Williams*, 185 B.R. 598, 600 (9th Cir. BAP 1995)).

> *Whether the Complaint was served on Mr. Toribio in accordance with Fed. R. Bankr. P. 7004(b) and satisfied constitutional due process requirements*

Plaintiff  Sapir served the Summons and Amended Complaint pursuant to Fed. R. Bankr. P. 7004(b), which authorizes service within the United States on an individual "by first-class mail, postage prepaid" "to the individual's dwelling or usual place of abode." The Certificate of Service (Doc. 6) certifies that Plaintiff Sapir served Mr. Toribio on February 7, 2025, by mailing the Summons and a copy of the Amended Complaint to Vincente Toribio at the Kissimmee Address. *Id.*

Because service of process on Toribio in this adversary proceeding must satisfy not only the requirement of Rule 7004(b)(1), but also constitutional due process, the Trustee has the burden of showing a reasonable nexus between the defendant, Mr. Toribio, and the place to where service was effectuated, the Kissimmee Address. The Kissimmee Address is the address for Mr. Toribio listed in the State Court Judgment, entered March 15, 2023, that forms the basis

-15-

of Mr. Toribio's claim against Plaintiff Sapir, and which was attached to the Borelli Firm Proof of Claim and Mr. Toribio's Proof of Claim filed in the Bankruptcy Case. There is no other address in the record for Mr. Toribio's dwelling or usual place of abode.

The Court finds and concludes that the State Court Judgment establishes a reasonable nexus between Mr. Toribio and the Kissimmee Address, and it was reasonable for Plaintiff Sapir to rely on the State Court Judgment entered in favor of Mr. Toribio and listing his address to determine Mr. Toribio's usual place of abode to effectuate service of the Summons and Amended Complaint on Mr. Toribio by mail. The Trustee, therefore, has satisfied her burden of showing that a reasonable inquiry was made to determine Mr. Toribio's dwelling or usual place of abode and that there is a reasonable nexus between Mr. Toribio and the Kissimmee Address.

Mailing the Summons and Amended Complaint to Mr. Toribio at the Kissimmee Address satisfied not only Rule 7004(b)(1) but also constitutional due process requirements. "An elementary and fundamental requirement of due process in any proceeding which is to be afforded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (citations omitted). Constitutional due process requirements "are satisfied if the notice reasonably conveys the required information, provides reasonable time to the affected party to respond, and the method used to provide the notice is aimed at providing actual notice by means 'reasonably certain to inform those affected.'" *Landrum v. Otero Cnty. Hosp. Ass'n (In re Otero Cnty. Hosp. Ass'n)*, 560 B.R. 551, 562 (Bankr. D.N.M. 2016) (quoting *Mullane*, 339 U.S. at 315). Mailing the Summons and Amended Complaint to Mr. Toribio at the Kissimmee Address, the address for Mr.

Toribio as stated in the State Court Judgment that forms the basis of his claim against Plaintiff Sapir, satisfied these requirements.

> *Whether Mr. Toribio satisfied his burden of demonstrating that the Kissimmee Address was not his dwelling or usual place of abode or that he did not receive the Complaint or the Motion for Default Judgment*

Having determined that Mr. Sapir properly served the Summons and Amended Complaint on Mr. Toribio at the Kissimmee Address in accordance with Fed. R. Bankr. P. 7004(b), and that such service satisfies constitutional due process requirements, the Trustee is entitled to the presumption that Mr. Toribio received the Summons and Amended Complaint. Mr. Toribio must, therefore, rebut the presumption in order to satisfy his burden to set aside the Default Judgment. He has failed to do so.

In *Garcia v. Cantu*, the Court explained:

> [F]or purposes of Bankruptcy Rule 7004(b), a place shown by a plaintiff to have once been a valid "dwelling house or usual place of abode" does not cease to be a valid address for mailing of service unless the party contesting service establishes by evidence that he has in fact abandoned that address. Mere denial that an address is correct, even in a sworn affidavit, is generally insufficient for the party challenging service to prevail. On the evidence presented here, the Debtor has not established that he has abandoned the San Pedro address, or that he in fact has a new "usual place of abode."

*Garcia v. Cantu*, 363 B.R. at 513 (internal citation omitted).[13]

Mr. Toribio has not come forward with any evidence establishing that the Kissimmee Address, listed in the State Court Judgment as the address where he was then located, ceased to be his dwelling or usual place of abode. The Kissimmee Address is the only address for Mr. Toribio in the record before the bankruptcy court and is listed as his address in the State Court Judgment. In his Motion for Default Judgment, Mr. Toribio does not even allege that the

---

[13] *See also Foistner*, 2023 WL 6051406, at *8 (quoting *Garcia v. Cantu*, 363 B.R. at 513); *Giuliano v. Haskett (In re MCG Ltd. P'ship)*, 545 B.R. 74, 79 (Bankr. D. Del. 2016) (same).

-17-

Kissimmee Address was no longer his dwelling or usual place of abode when service of process was effectuated or that he did not actually receive the Summons and Amended Complaint, nor has he proffered any evidence of the same.

Mr. Toribio points out that the Docket in this Adversary Proceeding reflects at least two instances when mail sent to him by the Court through the BNC was returned as undeliverable. He therefore reasons that the Trustee was put on notice that mail sent to the Kissimmee Address was repeatedly being returned as undeliverable, such that the Trustee should not have continued to use the Kissimmee Address to serve him with a copy of the Motion for Default Judgment. This Court disagrees. The two returned mailings do not establish that Mr. Toribio did not receive the Summons and Amended Complaint, the Motion for Default Judgment, or any other mailings sent to him at the Kissimmee Address.

With the parties' consent, the Court investigated the meaning of the BNC notices by consulting its case managers and employees in the Court's information technology department. That investigation confirmed that both notices sent by the Court to Mr. Toribio that were returned as "undeliverable" were returned because they were sent to Mr. Toribio **with no address at all**. No notices sent by the Court to Mr. Toribio via the BNC addressed to him at the Kissimmee Address were returned as undeliverable. The Trustee likewise testified that neither she nor her counsel received any returned mail from Mr. Toribio sent to the Kissimmee Address. The Trustee corrected her mistake in sending the Motion for Default Judgment to Mr. Toribio at the Renton Address and re-served him at the Kissimmee Address.

Mr. Toribio did not satisfy his burden of proof. He offered no other evidence in support of his assertion that he did not receive notice that he was a defendant in this adversary proceeding and did not receive notice of the Motion for Default Judgment. He did not appear and testify at

the final hearing. He did not file a declaration or affidavit in support of the Motion to Set Aside Default Judgment. He made no claim that the Kissimmee Address is not his dwelling or usual place of abode, that he no longer lives there, or that he routinely has trouble receiving mail at that address.

CONCLUSION

The evidence before the Court fails to establish that the Kissimmee Address was not Mr. Toribio's dwelling or usual place of abode or that he did not receive the Summons and Amended Complaint. This Court has personal jurisdiction over Mr. Toribio and the Default Judgment entered against him is not void for lack of proper service. The Court, therefore, concludes that cause does not exist to set aside the Default Judgment under Fed. R. Bankr. P. 7055 or Fed. R. Civ. P. 60(b)(4). The Court will enter a separate order consistent with this Memorandum Opinion denying the Motion to Set Aside Default Judgment.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket:  May 8, 2026

COPY TO:

Stuart B. Rodgers
Nach, Rodgers, Hilkert & Santilli
Attorneys for Yvette J. Gonzales, Chapter 7 Trustee
1220 E Osborn Rd, Suite 101
Phoenix, AZ 85014

Sharan Abraham
Borrelli & Associates, P.L.L.C.
Attorneys for Vincente Toribio
910 Franklin Avenue, Suite 205
Garden City, NY 11530